UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JORGE RODRIGUEZ, </br></br> Plaintiff, </br></br> v. </br></br> FRONTLINE TECHNOLOGIES GROUP, LLC d/b/a FRONTLINE EDUCATION, </br></br> Defendant. | ) </br> ) </br> ) </br> ) Case No.: </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY RELIEF**

COME NOW the Plaintiff, Jorge Rodriguez, and respectfully files this Petition and would show the Court the following:

## I. INTRODUCTION

1. This is an action for declaratory judgment and tortious interference arising out of Defendant Frontline Technologies Group LLC d/b/a Frontline Education's ("Frontline") unjustified and unlawful efforts to restrain Plaintiff Jorge Rodriguez ("Rodriguez"), a Texas resident and former employee of Frontline, from accepting and performing lawful employment in Texas.

2. Despite having no ongoing, enforceable non-competition or non-solicitation agreement with Mr. Rodriguez, Frontline has wrongfully attempted to block his lawful employment by threatening legal action and demanding his removal from work activities based on a restrictive covenant that expired, at the latest, on March 25, 2023. Frontline's threats have caused

1

tangible harm to Mr. Rodriguez, including the loss of job responsibilities, reputational damage, and interference with his economic opportunities.

3. All of Mr. Rodriguez's relevant employment and professional activity occurred exclusively within the State of Texas. He never lived or worked in Pennsylvania, and his connection to that forum is nonexistent. Nevertheless, Frontline initiated a pretextual legal action against Mr. Rodriguez in the Court of Common Pleas of Chester County, Pennsylvania, seeking expedited pre-complaint discovery under Rule 4003.8 of the Pennsylvania Rules of Civil Procedure — a procedural maneuver that allows Frontline to gain leverage without yet committing to a formal complaint.

4. Through this action, Mr. Rodriguez seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that:

- o The restrictive covenant agreement he signed in 2019 is expired and unenforceable;
- o No ongoing obligations prevent him from competing with or working for any employer;
- o Texas law governs the employment relationship and preempts enforcement of any expired Pennsylvania forum and choice-of-law clauses in this matter; and
- o Frontline's threats constitute tortious interference with his prospective business relations.

5. Mr. Rodriguez also seeks damages for Frontline's intentional and wrongful interference with his employment opportunities and injunctive relief to prevent further unlawful interference or duplicative litigation in other forums.

## II. PARTIES

6. Plaintiff Jorge Rodriguez is an individual residing in Richardson, Texas, within the Northern District of Texas. At all times relevant to this dispute, Mr. Rodriguez has lived and worked exclusively in Texas, and his employment giving rise to this controversy occurred entirely within this District.

7. Defendant Frontline Technologies Group LLC d/b/a Frontline Education is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 550 East Swedesford Road, Suite 360, Wayne, Pennsylvania 19087. Frontline may be served through its registered agent for service of process or through counsel if voluntarily accepted.

8. Upon information and belief, none of Frontline's members are citizens of Texas, and complete diversity exists between the parties.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

10. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to declare the rights and legal obligations of the parties with respect to the alleged restrictive covenant and the underlying employment relationship.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Mr. Rodriguez worked remotely for Frontline and subsequently for UKG entirely from his home

in North Texas. The employment activities that allegedly triggered Frontline's legal threats occurred solely within this District.

12. The alleged harm to Mr. Rodriguez — including lost job responsibilities, reputational damage, and employment interference — was suffered in this District. Accordingly, venue in the Northern District of Texas, Dallas Division is proper and appropriate.

## IV. FACTUAL BACKGROUND

### A. Jorge Rodriguez's Employment History with Frontline

13. Plaintiff Jorge Rodriguez began his initial employment with Defendant Frontline on or around December 23, 2019, as an Enterprise Account Executive – Outside Sales. He worked remotely from his home in North Texas, and at no time during his employment did he reside, work, or travel for business to Pennsylvania.

14. At the start of his initial employment in 2019, Mr. Rodriguez signed a Proprietary Rights and Restrictive Covenant Agreement ("Restrictive Covenant Agreement") with Frontline. *See* Exhibit 1.

15. The agreement purported to impose post-employment restrictions, including non-competition and non-solicitation clauses, as well as confidentiality obligations. It also contained a Pennsylvania choice-of-law and forum-selection clause.

16. On March 25, 2022, Mr. Rodriguez voluntarily resigned from Frontline and accepted a new position with a different company, Daybreak Health, beginning March 30, 2022. His separation from Frontline in March 2022 was final and undisputed, and he ceased working for Frontline entirely.

17. Under the express terms of the Restrictive Covenant Agreement, any post-employment restrictive periods, including the one-year non-competition and one- or two-year non-

solicitation provisions, were triggered by the termination of employment. Accordingly, the relevant restrictive periods began on March 25, 2022, and expired no later than March 25, 2023.

**B. Return to Frontline and Absence of New Consideration**

17. After several months with Daybreak Health, Mr. Rodriguez was re-hired by Frontline on or about August 8, 2022, again to work remotely from Texas in a sales role focused on Texas enterprise resource planning (ERP). Upon his return, Mr. Rodriguez did not sign a new restrictive covenant agreement, nor was he offered or provided any new, independent consideration as required under Pennsylvania law for post-employment restrictions executed after the start of employment.

18. Mr. Rodriguez remained employed with Frontline until his resignation effective February 7, 2025, when he accepted a new position with UKG Inc. ("UKG"), a provider of human capital management (HCM) solutions across all industries. Mr. Rodriguez continued to reside and work exclusively from Texas during his employment with UKG.

**C. Frontline's Threats and Interference**

19. Upon learning of Mr. Rodriguez's new position, Frontline began making legal threats against both Mr. Rodriguez and his new employer, UKG.

20. On January 27, 2025, Frontline sent Mr. Rodriguez a letter asserting that he remained bound by the 2019 restrictive covenant and demanding information about his new role. Mr. Rodriguez did not respond. *See* Exhibit 2.

21. On April 17, 2025, Frontline escalated its efforts by contacting both Mr. Rodriguez and UKG regarding his participation in a competitive bid for a specific Independent School District (the "ISL RFP"), alleging that he was in "blatant violation" of his non-compete and that he had improperly disclosed confidential information. *See* Exhibit 3.

22. On April 23, 2025, UKG — under pressure from Frontline — agreed to remove Mr. Rodriguez from participation in the ISL RFP. This decision materially and negatively impacted Mr. Rodriguez's responsibilities and standing in his new role. *See* Exhibit 4.

23. Frontline continued its legal campaign by filing a Writ of Summons on April 30, 2025, in the Court of Common Pleas of Chester County, Pennsylvania (Case No. 2025-03702-IR), and subsequently filed a Motion for Expedited Pre-Complaint Discovery seeking to depose Mr. Rodriguez and obtain documents. *See* Exhibit 5.

24. Frontline has not filed a complaint to date, but is attempting to use Pennsylvania procedure to gain leverage and assert ongoing restraint.

25. The Writ and Motion seek discovery to support anticipated claims of misappropriation of trade secrets, breach of duty of loyalty, and tortious interference—but fail to acknowledge that Mr. Rodriguez had no enforceable post-employment obligations at the time of the alleged conduct.

26. Mr. Rodriguez has not disclosed, retained, or misused any confidential or proprietary information from Frontline. Frontline has offered no evidence to support such allegations and has refused to withdraw its legal threats despite clear documentation of the expired covenant.

## V. CAUSES OF ACTION
### Count One: Declaratory Judgment
### (28 U.S.C. §§ 2201–2202)

27. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 26 as if fully set forth herein.

28. An actual, justiciable controversy exists between Plaintiff Rodriguez and Defendant Frontline regarding the enforceability of a 2019 Restrictive Covenant Agreement and

the extent, if any, to which it lawfully prohibits Mr. Rodriguez from engaging in employment with UKG or any other competitor of Frontline.

29. Frontline has asserted, both in correspondence and in legal filings in the Court of Common Pleas of Chester County, Pennsylvania, that Mr. Rodriguez remains subject to non-competition, non-solicitation, and confidentiality obligations arising from the 2019 agreement. Frontline has further sought pre-complaint discovery in Pennsylvania state court, issued legal threats to Mr. Rodriguez and his employer, and caused Mr. Rodriguez to be pulled from employment activities, such as the ISL RFP.

30. However, the Restrictive Covenant Agreement was triggered by Mr. Rodriguez's termination of employment on March 25, 2022, and all restrictive periods expired no later than March 25, 2023—nearly two years before his employment with UKG began. Mr. Rodriguez was re-employed by Frontline on August 8, 2022, without entering into a new agreement or receiving any independent consideration. As a result, there are no ongoing, valid, or enforceable restrictive covenants binding Mr. Rodriguez as of 2025.

31. Frontline's continued assertions of contractual restrictions constitute an attempt to unlawfully restrict Mr. Rodriguez's lawful employment and to suppress lawful competition. These assertions have caused, and continue to cause, harm to Mr. Rodriguez.

32. Mr. Rodriguez seeks a declaration under 28 U.S.C. § 2201 that:

- The Restrictive Covenant Agreement executed in December 2019 is expired and unenforceable;
- No enforceable restrictive covenant, non-solicitation, or confidentiality obligations currently bind Mr. Rodriguez in relation to Frontline;
- Mr. Rodriguez has not violated any enforceable obligations owed to Frontline;

- Frontline's attempt to enforce the expired covenant is unlawful under Texas law, and any forum-selection or choice-of-law clause favoring Pennsylvania is unenforceable as against Texas public policy;
- Mr. Rodriguez is free to compete and work for UKG or any other employer without interference from Frontline.

33. Declaratory relief is necessary and appropriate to resolve this controversy and prevent ongoing harm and litigation threats against Mr. Rodriguez.

### Count Two: Tortious Interference with Prospective Business Relations

34. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. At all relevant times, Plaintiff Rodriguez had a valid and reasonable expectation of continuing and expanding his professional role at UKG, including his participation in the competitive bidding process for the ISL RFP.

36. Mr. Rodriguez's sales activities in Texas, including his involvement in the ISL RFP, were a significant component of his initial employment with UKG and formed a substantial part of his business responsibilities and anticipated earnings. His role on that project and others in Texas constituted a prospective contractual and economic relationship of tangible value.

37. Defendant Frontline knew of Mr. Rodriguez's new employment and of his sales activities in Texas. Indeed, on April 17 and April 23, 2025, Frontline communicated directly with both Mr. Rodriguez and UKG's legal counsel, alleging a violation of an expired non-compete and demanding his removal from participation in the ISL RFP.

38. Frontline's interference was intentional, unjustified, and undertaken without any legal right to enforce the expired restrictive covenant or assert trade secret misappropriation.

Frontline failed to present any evidence of misconduct, and its restrictive covenant agreement had lapsed well before Mr. Rodriguez joined UKG.

39. Frontline's threats and coercive communications caused UKG to remove Mr. Rodriguez from certain sales activities in Texas, depriving him of business opportunities, reputational standing, and expected compensation, and negatively impacting his advancement at UKG.

40. Frontline's conduct was independently tortious because:

- It was based on the misrepresentation that Mr. Rodriguez was bound by an enforceable non-compete when he was not;
- It constituted a knowing attempt to chill lawful employment through legal intimidation; and
- It relied on an unenforceable and overbroad contract to achieve unlawful restraint of trade, contrary to Texas public policy.

41. As a direct and proximate result of Frontline's tortious interference, Mr. Rodriguez has suffered actual damages including lost income, diminished employment standing, reputational harm, and legal expenses to defend against baseless litigation threats.

42. Frontline's actions were willful and malicious, entitling Mr. Rodriguez to exemplary damages under Texas law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jorge Rodriguez respectfully requests that the Court enter judgment in his favor and against Defendant Frontline Technologies Group LLC d/b/a Frontline Education, and award the following relief:

1. Declaratory Relief pursuant to 28 U.S.C. § 2201, declaring that:

- o The Restrictive Covenant Agreement signed by Plaintiff in December 2019 is expired and unenforceable;
- o Plaintiff is not bound by any valid non-compete, non-solicitation, or confidentiality obligations owed to Defendant;
- o Plaintiff is entitled to accept and perform employment with UKG or any other company of his choosing without restraint; and
- o The forum-selection and choice-of-law clauses in the 2019 agreement are unenforceable as applied to Plaintiff, a Texas resident who never worked in Pennsylvania.

2. Actual damages, including economic loss and reputational harm resulting from Defendant's tortious interference with Plaintiff's employment and professional opportunities;

3. Exemplary damages under Texas law due to Defendant's willful, malicious, and unjustified interference;

4. Reasonable attorneys' fees, costs of court, and expenses incurred in bringing this action, including under the Declaratory Judgment Act and applicable Texas law;

5. Pre-judgment and post-judgment interest as allowed by law; and

6. All such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 16, 2025.                    Respectfully submitted,

                                                    **GORDON & REES**

                                                    */s/ Robert A. Bragalone*

                                                    **ROBERT A. BRAGALONE,**
                                                    **Texas Bar No. #02855850**
                                                    2200 Ross Ave., Suite 3700
                                                    Dallas, TX  75201
                                                    Phone: (214) 231-4714
                                                    Fax: (214) 461-4053
                                                    Email: BBragalone@grsm.com

                                                    **ATTORNEY FOR PLAINTIFF**
                                                    **JORGE RODRIGUEZ**